

Capitol Corporate Services, Inc.
PO Box 1831
Austin, TX 78767
Phone: (800) 345-4647  Fax: (800) 432-3622
rassop@capitolservices.com

# Service Of Process Transmittal Notice

| | | |
|---|---|---|
| ROSEMARY BARBER<br>HALLIBURTON<br>3000 N SAM HOUSTON PKWY E J4426E<br>HOUSTON TEXAS 77032-3219 | **Date Processed:** | 05/03/2021 |
| | **Completed By:** | JOE DIGAETANO |
| | **Delivery Method to Client:** | FEDEX 2 DAY LETTER |
| | **Tracking Number:** | 176774775977 |

Enclosed please find legal documents received on behalf of the client named below. These documents are being forwarded in accordance with your instructions.

| Date / Time Received | Transmittal # | Delivered to Agent by |
|---|---|---|
| 05/03/2021  3:00 PM in TEXAS | TX-204230 | CERTIFIED MAIL |

| **With Regard to Client** |
|---|
| HALLIBURTON ENERGY SERVICES, INC. |

| **Title of Case or Action** |
|---|
| JOANNA R. MOUTON, ET AL. VERSUS HALLIBURTON |

| **Case Number** | **Type of Document Served** |
|---|---|
| 0190264 | CITATION/SUMMONS |

| **Court Name** |
|---|
| 32ND JUDICIAL DISTRICT COURT, PARISH OF TERREBONNE, LOUISIANA |

| **Note** |
|---|
| |


1-2042305

**EXHIBIT "A"**

## CITATION (LONG ARM STATUTE)

JOANNA R MOUTON



Case: 0190264

/

Division: C

Versus

32nd Judicial District Court
Parish of Terrebonne
State of Louisiana

HALLIBURTON, ET AL

TO: A E GROFF, VICE PRESIDENT
HALLIBURTON ENERGY SERVICES, INC. (DELAWARE (US))
206 E. 9TH STREET, SUITE 1300
AUSTIN, TX 78701

**YOU ARE HEREBY SUMMONED** to comply with the demand of the Petition, filed on January 8, 2021, a true and faithful copy whereof accompanies this citation, or to make an appearance by filing an answer or other pleading thereto, in writing with the Clerk Of Court at her office in the City of Houma, Louisiana within thirty (30) days after the service hereof; and your failure to so comply will subject you to the penalty of having a default judgment rendered against you.

Witness my hand and official seal this 23RD day of APRIL, 2021.

Theresa A. Robichaux, Clerk of Court

BY: *Candace S. Porche*
Deputy Clerk of Court

Requested by:
JOANNA RUTH GAIDRY, MOUTON
IN PROPER PERSON

[ SERVICE ]

| | | |
|---|---|---|
| **JOANNA R. MOUTON, ET AL.** | • | **32nd JUDICIAL DISTRICT COURT** |
| **VERUS NO. 190264   DIV. " "** | • | **PARISH OF TERREBONNE** |
| **HALLIBURTON.** | | |
| | • | **STATE OF LOUISIANA** |

---

### PETITION FOR SURVIVAL ACTION AND WRONGFUL DEATH DAMAGES

---

**NOW INTO COURT**, through undersigned counsel, come the Petitioner, JOANNA R. MOUTON, a person of full age of majority. Living and residing in the Parish of Terrebonne, State of Louisiana. Who respectfully represent:

1.

This Honorable court has subject matter jurisdiction over this matter and is the proper venue in accordance with La. C.C.P Arts. 42 and 74, and by virtue of the Louisiana. Direct Action statute pursuant to La R.S. 22 §1269 D. B (1) (d).

2.

Made defendants herein are

A. **Halliburton Company PARENT COMPANY OF OTIS** (hereafter -Halliburton) A foreign A foreign corporation authorized to do business and doing business in the Parish of Terrebonne. State of Louisiana, who insured defendants for defendants' negligent acts that caused injury to the petitioners and having a listed agent for service of process as Louisiana Secretary of State. 8585 Archives Avenue, Baton Rouge.

B. **Insurance company xyzzy.**

3.

The true names and capacities, whether individual, corporate, associate or otherwise, of defendants, inclusive, are unknown to plaintiffs, who therefore sue said defendants by such fictitious or other names and capacities as are alleged here in below and will ask leave to amend this complaint upon same being ascertained. Plaintiffs are informed and believe and thereon allege that each of the defendants designated herein is negligently responsible in some manner for the events and happenings herein referred to and negligently caused injury and damage proximately thereby to the plaintiffs as herein alleged.

**JUAN W. PICKETT**

4.

The defendant is truly indebted to the petitioner, severally and in soli Jo, for all damages that are reasonable in the premises, together with legal interest from the date of injury and for all costs of these proceedings, by reason of the following.

5.

The widow JOANNA MOUTON was forced into an DUAL responsibility at a Young age. It impacted her in many ways, one of which is identified as a springboard into who he is 45 years after this life changing event occurred, Causing mental and emotional impairments.

6.

During the year 1975, the plaintiff was a 30-year-old lady from Houma Louisiana, residing overseas with her family in Paris, France where her husband Alphonse Loyes Mouton, and their two children, was fulfilling a 6-year contract for an International oil production company, Halliburton.

7.

Responding to what became a nearly decade long energy crisis brought on by the OPEC oil embargo of 1973, "her husband a venerated company-man" was issued an ultimatum - return to war-torn Algeria to protect corporate interests or turn in his resignation.

8.

Terrorist attacks had become commonplace in Europe and reports of bombings in the middle east and Northern Africa became so regular with civil wars and militant/terrorist uprisings, many news outlets from the United States placed reporting of those confrontations inside the front

9.

pages of newspapers as a second block positions on television broadcasts. Alternatively, for those living inside the range of potential death, it was a life-threatening daily experience.

10.

Following corporate orders, her husband reentered Algeria, where embattlement was aimed not only against the government in power at that time, but any corporate targets regardless of their given citizenship. It was on the 16ᵃ day of October 1975, when she was notified that her husband had been killed, in a "plane crash, during a monsoon."

11.

Consequently, the plaintiff's suffered a lifelong mental breakdown, and she became haunted by not knowing what happened or why it did. she then endured responsibilities far beyond her level of ability.

12.

This life changing experience psychologically impacted her well into motherhood. Over many years she has collected detailed data regarding his husband's death, Mr. Alphonse loyes Mouton's, death. With unjustified injuries to include unpaid benefits from, OSHA or ERISA 1975 readjusted retirement funds, ultimately denying her and her family due process in wrongful death damages allowed by law, along standing major medical forgotten fiduciary funds,

including OTIS'S own promised policy's which, did included her and her and her children as a beneficiary. what of her husband, as his mother had been told was killed in monsoon? A sealed casket, with no autopsy report or disclosed proof to the family of its content, rests in a Louisiana grave.

13.

The plaintiff in this case contends, U. S. both President Gerald Ford and Louisiana governor Edwin Edwards should have been informed of the combative danger involved within Algeria during the year 1975 and have demanded the execution of an official civil investigation into Halliburton involving dangerous conditions for corporate employees and their families.

14.

At the same time, rather than conducting a full investigation into the previously mentioned matter involving the suspicious death of an Halliburton employee, the plaintiff's was instructed by Halliburton to secure a local travel agent for addresses locations to file an international complaints, rather than being advise to directly contact the US Consulate.

15.

La. Cr.P. § Section 905.4 A. (1) (10)

As the following should be considered an "", however only a reference, as the plaintiff seeks civil damages under an aggravating circumstance, under term with-holding mitigating circumstances. Withholding of evidence. (1848) The act or an instance of obstructing justice by stifling or suppressing evidence knowing that it is being sought in an official investigation or a judicial proceeding. See obstruction of justice

16.

These offenders were part of a coalition terrorists' group, amongst the French civilian community, where the plaintiff was living. Simultaneously witnessing Death and Terrorism at an early age. The unlawful use of violence was used to cause fear and intimidation causing incomparable psychological, emotional damages, and undue stress in aggravating circumstance

17.

Based on all personal experiences of the plaintiff's family, and backed by reports, including one dated 8th August 1975, that ran in the Guardian out of London, England, which describe the holding of a seven-year-old boy by terrorists in Algiers, Algeria, that made demands of the French government for the young boy's release, the plaintiff contents such incidents bear investigating International corporate practices of Halliburton during the 1970s

18.

1. The defendant permitting the reckless and negligent Business assignment in a dangerous environment
2. Permitting them to enter a country where employees or incapable to defend themselves.
3. Failing to reasonably maintain caution in a suspected war- zone
4. Alternatively, failing to follow Embassy procedures, and local laws.
5. Failing to keep due to improper Outlook over the employee's welfare.
6. Failing to reasonably supervise its employees to not-operate in hazardous conditions.

20.

Upon information and belief, the defendants, , issued a policy of insurance providing coverage to the defendants, the Insurance's of xyz, and his retirement funds that have been withheld, will be given to the judge and a jury of her peers for their review ,or to the judge is presiding over the case.

JEFF MILLER CEO AND HALLIBURTON OF LOUISIANA//TEXAS L.L.C. afforded coverage for liability damages such as those sustained herein, which coverage was in full force and effect on the date of the subject collision, and who is liable for any amount of judgment by way of said contract of insurance agreeing to defend and indemnify the said defendants for such losses sustained by petitioners herein.

21.

withholding of evidence. (1848) The act or an instance of obstructing justice by stifling or suppressing evidence knowing that it is being sought in an official investigation or a judicial proceeding. See obstruction of justice

22.

The amount in damages suffered by the petitioner exceeds SEVENTY-FIVE THOUSAND AND 00/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

23.

Pursuant to La. C.C. Art. 2315.2, and in the context of the wrongful death action, Joanna R. Mouton seek damages to compensate the beneficiaries for compensable injuries suffered from the moment of death and thereafter, as follows:

24.

Loss of estate accumulation, including contributions to retirement plans; and together with interest from date of judicial demand and lor all costs of these proceedings.

25.

Because of the necessity of this legal action, Petitioners aver that they are still entitled to reasonable compensation to expert witnesses for their court appearances and preparatory work, as well as litigation expenses, deposition expenses and consultant fees.

26.

Petitioners demands a trial by jury that would include the jurisdiction of the Terrebonne parish, due to fact these are the people of the oil field industry.

WHEREFORE, Petitioners, Joanna, respectfully prays that:

The defendants be served with a copy of this petition and be cited to appear and answer the same within the time delays set by law.

27.

After all due delays and legal proceedings had, there be judgment against the defendants. HALLIBURTON Jeff Miller Halliburton Energy Services, Inc and XYX INSURANCE COMPANY'S in favor of Petitioner for damages as provided in Paragraphs 20 and 21 above in the context of the survival action and wrongful death action, and reasonable compensation to expert witnesses for their court appearances and preparatory work, as well as litigation expenses, deposition expenses and consultant fees, together with interest from date of judicial demand and tor all costs of these proceedings.

7. Failing to reasonably train the employees in a safe manner; as principle responsible for the acts of the defendant to the extent that he was on a mission for the defendant's owners.

8. Failing to act reasonable under these circumstances, call local corselet
And not - comply with local government regulation.

9. Failing to perform an adequate check, including a comprehensive evaluation of the situation before granting them permission to operate in this type of harsh environment. With -held evidence.

10. Such acts and omissions as will be shown in the trial, all of which were in Contravention of the exercise of due care, prudence, and the law of the United States, the Geneva code of ethics, State of Louisiana and Lafourche Parish our specially pleaded as if and as though copied *in extenso*. In the course and scope of his employment, by virtue of the theory of Respondent Superior, said acts of fault, negligence and gross negligence which legally contributed to the accident and injuries sustained herein, and are the proximate cause of the accident and Petitioners' injuries. Past, present and future emotional distress, mental anguish and grief;

19.

1. Loss of funds decedent would have used to support, maintain and care for a dependent as heir;
2. Loss of advice, counsel, instruction and services in the home;
3. Inheritance loss;
4. Loss of past health, mental health and psychological, psychologist psychiatrist mental health, hospitals, stress disorder, insurance and life insurance benefits.
5. Loss of the dependent's life insurance.
6. Loss of child consortium loss of secondary education.
7. The inhuman decision to exclude a 10-year-old dependent child status of dependent in which was needed for food, water, clothing, and shelter.
8. Past pain and suffering (mental and physical);
9. Loss of enjoyment of life;
10. Mental anguish, fright and pre-impact fear;
11. Inability to cope;
12. Loss of personal possessions damaged in the accident, mental shock
13. Pre-judgment interest;
14. Attorney fees (if applicable)
15. Punitive damages (if applicable)
16. prejudgment interest
17. loss of income
18. Loss of child consortium and compensation lor loss of love, companionship. affection, society, solace, moral support and loss of enjoyment of as they pertain to the surviving child, Loss of private education

28.

**PETITIONERS FURTHER PRAY** for all general and equitable relief to which they are entitled to under the law. and if necessary, to expedite any expenses for the exhuming the body related to these proceedings' plaintiff requested **available assistance to indigent**.

Respectfully submitted:

BY. Joanna Ruth Gaidry, Mouton.

224 Garnet Street Houma, LA 70364

IN PROPER PERSON

Although

PLEASE SERVE:

Jeff Miller Halliburton Energy Services, Inc.

3000 N Sam Houston Pkwy E, Houston, TX 77032

A TRUE COPY OF THE ORIGINAL
CLERK'S OFFICE, HOUMA

LA. _____APR 2 3 2021_____, 20____

BY _Candace S. Poche_
Deputy Clerk of Court

FILED

JAN 0 8 2021
_Candace S. Poche_
DEPUTY CLERK OF COURT
PARISH OF TERREBONNE, LA

7020 1290 0000 3184 6098

## CITATION (LONG ARM STATUTE)

**JOANNA R MOUTON**

Case: 0190264

Versus

Division: C
32nd Judicial District C[ourt]
Parish of Terrebonne
State of Louisiana

**HALLIBURTON, ET AL**

TO:  A E GROFF, VICE PRESIDENT
HALLIBURTON ENERGY SERVICES, INC. (DELAWARE (US))
206 E. 9TH STREET, SUITE 1300
AUSTIN, TX 78701

**YOU ARE HEREBY SUMMONED** to comply with the demand of the Petition, filed on January 8, 20[ ], a true and faithful copy whereof accompanies this citation, or to make an appearance by filing an answer o[r] other pleading thereto, in writing with the Clerk Of Court at her office in the City of Houma, Louisiana withi[n] thirty (30) days after the service hereof; and your failure to so comply will subject you to the penalty of havin[g] a default judgment rendered against you.

*Witness my hand and official seal this 23RD day of APRIL, 2021.*