```
                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA


JOANNA R. MOUTON                                          CIVIL ACTION


v.                                                        NO. 21-926


HALLIBURTON COMPANY                                       SECTION "F"
```

ORDER AND REASONS

Before the Court Halliburton Company's motion to dismiss pursuant to Rule 12(b)(6). For the reasons that follow, the motion is GRANTED.

**Background**

Joanna R. Mouton, *pro se*, alleges in her state court petition that, when she was 30-years-old in 1975, she was living in Paris, France with her two children when her husband died in a plane crash while working for Halliburton in Algeria. She styles her lawsuit as a wrongful death action in which she seeks to recover damages, insurance proceeds, and her late husband's retirement funds "that have been withheld." Halliburton Company removed the lawsuit to this Court, invoking the Court's diversity jurisdiction. It now moves to dismiss.

I.

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to Halliburton's motion to dismiss, noticed for submission on December 8, 2021, has been submitted. Halliburton moves to dismiss on prescription grounds. Notably, a nearly identical lawsuit was filed last year by Wesley Jerome Porche, *pro se*, whom alleged in his state court petitions that, when he was 10 years old, in 1975, his stepfather died in a plane crash while working for Halliburton Company in Algeria.[1] The Court granted Halliburton's motion to dismiss the prior nearly identical lawsuit, see Rec.Doc. 27 in Civil Action 20-3170, finding (among other things) that claims being pursued 44 years after Mr. Mouton's death are plainly time-barred under the one-year prescription period applicable to survival or wrongful death claims. Halliburton thus moves to dismiss on this same prescription ground, and additionally submits that *res judicata* bars the instant lawsuit. For the reasons

---

[1] Proceeding on the theory that, by estoppel, he was an adopted stepchild of the decedent and therefore may invoke Louisiana survival and wrongful death law, Porche filed a lawsuit seeking to recover, among other things, damages from Halliburton Company and benefits from various life and other unspecified insurance policies allegedly issued through his stepfather's employment.

2

articulated in Halliburton's supported motion and in this Court's prior Orders and Reasons in 20-3170, the Court agrees.

Accordingly, because the motion to dismiss is unopposed, and further, it appearing to the Court that the motion has merit, IT IS ORDERED: that Halliburton's Rule 12(b)(6) motion is hereby GRANTED. The plaintiff's claims against Halliburton are hereby dismissed with prejudice.

New Orleans, Louisiana, December 9, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

3